**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PRENTISS SMITH, # R-29484,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-00409-SMY** |
| | ) | |
| **ILLINOIS DEPT. OF CORRECTIONS,** | ) | |
| **TY BATES, SUZANN BAILEY,** | ) | |
| **THOMAS SPILLER, DOCTOR SHAH,** | ) | |
| **SALVADOR GODINEZ,** | ) | |
| **and PINCKNEYVILLE** | ) | |
| **CORRECTIONAL CENTER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Prentiss Smith, an inmate who is currently incarcerated at Pinckneyville Correctional Center, brings this action *pro se* for alleged violations of his constitutional rights under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Doc. 1). Plaintiff claims that Pinckneyville's "two-meal-per-day" policy and the high content of soy in his diet violate his rights under the Eighth Amendment, Fourteenth Amendment, and ADA. In connection with these claims, Plaintiff sues the Illinois Department of Corrections ("IDOC"), Salvador Godinez (IDOC director), Ty Bates (IDOC deputy director), Pinckneyville Correctional Center ("Pinckneyville"), Thomas Spiller (Pinckneyville warden), Suzann Bailey (Pinckneyville food services administrator), and Doctor Shah for monetary damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner

complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  As discussed in more detail below, the complaint survives preliminary review under Section 1915A.

## The Complaint

Plaintiff brings two sets of claims in his complaint.  The first arises from Pinckneyville's "two-meal-per-day" policy.  The second arises from the soy diet that Plaintiff has received since 2012.  Each set of claims is separately addressed below.

## "Two-Meal-Per-Day" Policy

According to the complaint, Pinckneyville offers its inmates no breakfast (Doc. 1, p. 6). Inmates are instead served brunch from 10:00-10:30 a.m. and dinner from 4:00-4:30 p.m. daily. Plaintiff is required to go without food for up to eighteen hours at a time.  As a result, he suffers from severe stomach pain (including hunger pains), erratic weight fluctuations, and headaches.

Plaintiff maintains that the two meals are nutritionally inadequate.  Together, they total less than 1,800 calories.  Plaintiff has two options.  He can either wait for his next meal or supplement his diet with food from the commissary.  However, his access to the prison's commissary has been restricted since February 26, 2015, when he was placed in segregation.

Plaintiff alleges that the decision to eliminate breakfast was, in part, punitive. Pinckneyville is a disciplinary prison, and it is also the only prison within the IDOC that serves no breakfast.  But he also alleges that the policy reflects a conspiracy by "high ranking officials . . . [to] line their pockets with money" by forcing prisoners to purchase food in the prison's commissary (Doc. 1, p. 7).

In addition to writing his grievance counselor, Plaintiff directed complaints to Defendants Bailey, Spiller, Bates, and Godinez. No one responded.

Plaintiff now sues Defendants IDOC, Godinez, Bates, Pinckneyville, Spiller, and Bailey for violating his rights under the Eighth Amendment, Fourteenth Amendment, and ADA. He also brings a conspiracy claim against them.

## Soy Diet

Plaintiff also claims that the soy diet he has received since 2012 has caused him to suffer adverse health consequences (Doc. 1, p. 7). According to the complaint, more than ninety percent of the IDOC's prison diet consists of soy products. Plaintiff alleges that diets high in soy are associated with negative health consequences that include an increased risk of cancer, diabetes, heart disease, and pancreatic disorders. Plaintiff claims that the soy diet has caused him to suffer from severe constipation, severe gas, pain and weakness, poor circulation in his extremities, and depression (Doc. 1, p. 8). Defendant Shah refused to issue Plaintiff a soy-free diet, in response to his complaints about these symptoms. He instead recommended that Plaintiff purchase food from the commissary. Plaintiff's grievances addressing this issue were not returned to him.

In connection with the soy diet, Plaintiff now sues Defendants IDOC, Godinez, Bates, Pinckneyville, Spiller, Bailey, and Shah for violating his rights under the Eighth Amendment and Fourteenth Amendment.

Based on the allegations, the Court finds it convenient to divide the *pro se* complaint into the following six claims, which correspond to those set forth above. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a

judicial officer of this Court.  The designation of these counts does not constitute an opinion

regarding their merit.

**Count 1:**     Eighth Amendment claim against Defendants IDOC, Godinez, Bates, Pinckneyville, Spiller, and Bailey for deliberate indifference to Plaintiff's need for adequate food to meet his nutritional needs;

**Count 2:**     ADA claim against Defendants IDOC, Godinez, Bates, Pinckneyville, Spiller, and Bailey for depriving Plaintiff of a nutritionally adequate diet;

**Count 3:**     Fourteenth Amendment claim against Defendants IDOC, Godinez, Bates, Pinckneyville, Spiller, and Bailey for ignoring Plaintiff's grievances regarding the "two-meal-per-day" policy;

**Count 4:**     Conspiracy claim against Defendants IDOC, Godinez, Bates, Pinckneyville, Spiller, and Bailey for attempting to "line their pockets" by adopting and instituting a "two-meal-per-day" policy at Pinckneyville;

**Count 5:**     Eighth Amendment claim against Defendants IDOC, Godinez, Bates, Pinckneyville, Spiller, Bailey, and Shah for deliberate indifference to Plaintiff's serious physical symptoms caused by his adverse reaction to a soy diet; and

**Count 6:**     Fourteenth Amendment claim against Defendants IDOC, Godinez, Bates, Pinckneyville, Spiller, Bailey, and Shah for ignoring Plaintiff's grievances regarding his adverse reaction to the soy diet.

Counts 1 and 5 shall receive further review against those defendants who are identified

below in connection with each claim.  However, all remaining claims, including Counts 2, 3, 4,

and 6, shall be dismissed.

### Discussion

### Count 1 – Deliberate Indifference to Nutritional Needs

The Eighth Amendment prohibition on cruel and unusual punishment forbids

unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the

severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*,

428 U.S. 153, 173 (1976)).  Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment.  *Rhodes*, 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

Claims under the Eighth Amendment have both an objective and subjective component. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991).  The objective conditions must have resulted in an unquestioned and serious deprivation of basic human needs or deprived the inmate of the minimal civilized measure of life's necessities.   *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

The subjective component of unconstitutional punishment focuses on the state of mind of the defendant.  *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992); *Wilson*, 501 U.S. at 298; *see also McNeil,* 16 F.3d at 124.   In conditions of confinement cases, this is deliberate indifference to inmate health or safety.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm from the conditions.  *Farmer*, 511 U.S. at 842.  A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer harm.  *Jackson*, 955 F.2d at 22.  It is well-settled that mere negligence is not enough. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

As for the objective component of this claim, the severe stomach pain, erratic weight fluctuations, and headaches that Plaintiff suffers as a result of the "two-meal-per-day" policy suggest a deprivation of adequate nutrition that may implicate the Eighth Amendment.

Turning to the subjective component of his claim, Plaintiff directed complaints about the "two-meal-per-day" policy to the following individuals: Defendants Bailey, Spiller, Bates, and Godinez.  At this early stage of the case, the allegations are sufficient to indicate that these individuals had knowledge of the harmful effects of the "two-meal-per-day" policy on Plaintiff and took no steps to address his suffering.   Accordingly, Plaintiff may proceed with his deliberate indifference claim in Count 1 against Defendants Bailey, Spiller, Bates, and Godinez.

However, Count 1 shall be dismissed without prejudice against all remaining defendants. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). The complaint does not suggest that any other defendants personally participated in the deprivation of Plaintiff's constitutional rights.  Therefore, the claim shall be dismissed against them for lack of personal involvement in this alleged deprivation, without prejudice.  Count 1 shall be dismissed against Defendant Shah without prejudice.

Count 1 shall also be dismissed against Defendants IDOC and Pinckneyville with prejudice.  Plaintiff cannot maintain any claim for money damages against the IDOC, because it is a state government agency.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections

is immune from suit by virtue of Eleventh Amendment).   And because Pinckneyville is a division of the IDOC, it is also not a "person" within the meaning of the Civil Rights Act, and is not subject to a Section 1983 suit.  *See Will*, 491 U.S. at 71.

In summary, **Count 1** shall proceed against Defendants Bailey, Spiller, Bates, and Godinez.  However, this claim shall be dismissed against Defendant Shah without prejudice and against Defendants IDOC and Pinckneyville with prejudice.

## Count 2 – ADA

The complaint articulates no viable ADA claim against any of the defendants. The complaint includes a bare allegation that the "two-meal-per-day" policy violates the ADA. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  "In order to make out a prima facie case of discrimination under both the ADA and the Rehabilitation Act,[1] 29 U.S.C. §§ 794-94e, a plaintiff must show: (1) that he suffers from a disability as defined in the statutes; (2) that he is qualified to participate in the program in question; and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability.  *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005).  The complaint does not include allegations suggesting that Plaintiff should be considered a disabled individual. But even if it did, the complaint fails to suggest that any action taken by Defendants was connected to a disability, let alone constituted discrimination on account of a disability. Accordingly, the complaint supports no claim under the ADA or Rehabilitation Act, and **Count 2** shall be dismissed without prejudice for failure to state a claim upon which relief may

---

[1]  A court should analyze a disability-related claim under both the ADA and the Rehabilitation Act. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667 (7th Cir. 2012).

be granted.

**Counts 3 & 6 – Due Process**

The complaint articulates no viable claim under the Fourteenth Amendment against Defendants.  It is not clear why the complaint refers to the Fourteenth Amendment, with regard to the "two-meal-per-day" policy claim or the soy diet claim.  To the extent that Counts 3 and 6 arise from Defendants' failure to respond to Plaintiff's grievances, however, both claims fail.

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se.  As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Put differently, the fact that Defendants may have ignored Plaintiff's grievances does not give rise to a due process claim against them, even at this early stage.  Accordingly, **Counts 3** and **6** fail and shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Count 4 - Conspiracy**

The complaint fails to articulate a viable conspiracy claim against Defendants for allegedly implementing the "two-meal-per-day" policy at Pinckneyville in order to make money by forcing inmates to purchase commissary food.  Conspiracy is not an independent basis of liability in Section 1983 actions.  *See Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000).  "There is no constitutional violation in conspiring to cover up an action which does not itself violate the Constitution."  *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996).

The complaint alleges that the purpose of the "conspiracy" is to force inmates to purchase food at the commissary.  In other words, this scheme, according to Plaintiff, is aimed at taking prisoners' money.  However, Plaintiff did not allege that his money was taken *without due process of law*.  Even if the complaint so alleged, there is no cognizable civil rights claim if the state provides an adequate legal remedy.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims.  *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995).  Because this state remedy is available, Plaintiff cannot maintain a constitutional claim for any deprivation of his money as a result of the Pinckneyville "two-meal-per-day" policy.  Where there is no underlying constitutional claim for this "deprivation," there is likewise no viable civil rights claim for a "conspiracy" to deprive inmates of their funds.

For these reasons, **Count 4** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 5 – Deliberate Indifference to Plaintiff's Adverse Reaction to Soy Foods

As discussed in relation to Count 1 above, an Eighth Amendment deliberate indifference claim has both an objective and a subjective component.  Plaintiff describes several objectively serious physical symptoms, which allegedly resulted from his consumption of a soy diet, including severe stomach pain, constipation, pain and weakness, poor circulation in his extremities, and depression (Doc. 1, p. 8).

According to the complaint, Plaintiff only brought these symptoms to the attention of Defendant Shah, who refused to treat the symptoms.  At this stage, Plaintiff may proceed with

**Count 5** against Defendant Shah for deliberate indifference to the health problems that he attributes to the soy foods.  However, this claim shall be dismissed against all remaining defendants, including Defendants IDOC and Pinckneyville with prejudice and Defendants Godinez, Spiller, Bates, and Bailey with prejudice.

## Pending Motions

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be referred to United States Magistrate Judge **Philip M. Frazier** for a decision.

Plaintiff has also filed a motion for service of process (Doc. 4), which is hereby **GRANTED in part**, with respect to Defendants **GODINEZ, SPILLER, BATES, BAILEY,** and **SHAH**, and **DENIED in part**, with respect to all other defendants.

## Disposition

**IT IS ORDERED** that **COUNTS 2** and **4** are **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted.  **COUNTS 3** and **6** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS** and **PINCKNEYVILLE CORRECTIONAL CENTER** are **DISMISSED** without prejudice.

With respect to **COUNTS 1** and **5**, the Clerk of Court shall prepare for **DEFENDANTS GODINEZ, SPILLER, BATES, BAILEY,** and **SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days

from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Frazier** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 11, 2015**

**s/ STACI M. YANDLE**
**U.S. District Judge**
